UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JAN 3 0 2020
CAROL L. MICHEL
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-219 |
| v. | * | SECTION: "L" |
| DAMIAN K. LABEAUD | * | |
| a/k/a Damian Kevin Lebeaud | | |
| a/k/a Damien K. Lebeaud | * | |
| LUCINDA THOMAS | | |
| MARY WADE | * | |
| JUDY WILLIAMS | | |
| a/k/a Judy Lagarde | * | |
| DASHONTAE YOUNG | | |
| GENETTA ISREAL | * | |
| MARIO SOLOMON | | |
| LARRY WILLIAMS | * | |

\*       \*       \*

## FACTUAL BASIS AS TO DASHONTAE YOUNG

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegations charged by the government in Count 1 of the Superseding Indictment now pending against the defendant, **DASHONTAE YOUNG**, charging her with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit wire fraud. The Defendant, along with her co-conspirators and others, beginning in approximately June 2017 and continuing through approximately June 2019, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud in connection with a staged accident that occurred on June 6, 2017 in which the Defendant was a passenger.

Prior to June 6, 2017, the Defendant, Damian Labeaud, and her other co-conspirators, Lucinda Thomas, Mary Wade, and Judy Williams, agreed on a plan in which Labeaud would intentionally collide with a tractor-trailer with the Defendant and her co-conspirators in the vehicle

AUSA 
Defendant
Defense Counsel

at the time of the staged collision. As part of this agreement, following the staged accident, the Defendant and her co-conspirators, Thomas, Wade, and Judy Williams, would attempt to recover monetary damages from the owner and insurer of the tractor-trailer in connection with purported injuries suffered as a result of the staged accident.

On June 6, 2017, the Defendant drove with Thomas, Wade, and Judy Williams in Thomas's vehicle, a 2009 Chevrolet Avalanche ("the Avalanche"), from Houma, Louisiana to New Orleans for a meeting with Labeaud at a Burger King restaurant wherein they discussed their plan to let Labeaud drive the Avalanche to stage an accident while the Defendant, Thomas, Wade, and Judy Williams were passengers in the vehicle. Immediately following this meeting, Thomas let Labeaud drive the Avalanche from the Burger King with the Defendant, Wade, and Judy Williams as passengers. At approximately 12:30 P.M. on June 6, 2017, Labeaud was driving the Avalanche east on Chef Menteur Highway in New Orleans and intentionally collided with a 2017 Freightliner tractor-trailer that was merging onto Chef Menteur Highway. Immediately after the accident, Labeaud exited the Avalanche and left the scene of the accident. Thomas then switched into the driver's seat of the Avalanche to make it appear as though Thomas was driving the vehicle at the time of the accident.

After the accident on June 6, 2017, Thomas contacted the New Orleans Police Department ("NOPD") to report the accident. Labeaud reappeared at the scene of the staged accident with Mario Solomon and falsely represented to the NOPD that he was a percipient witness of the staged accident. Immediately after the accident, the Defendant met with Attorney A, Labeaud, Thomas, Wade, and Judy Williams at a Raising Cane's restaurant on Chef Menteur Highway. The purpose of this meeting was to discuss Attorney A's representation of the Defendant, Thomas, Wade, and Judy Williams in connection with seeking monetary damages from the owner and insurer of the

2

AUSA
Defendant
Defense Counsel

2017 Freightliner tractor-trailer for the staged accident that had taken place earlier that day. As a result of this meeting with Attorney A, the Defendant, Thomas, Wade, and Judy Williams all hired Attorney A to represent them.

Between June 6, 2017 and November 27, 2017, the Defendant authorized Attorney A to negotiate a settlement on her behalf in connection with the June 6, 2017 staged accident. On approximately November 27, 2017, Attorney A settled the Defendant's claim with Covenant Transportation Group ("Covenant"), the parent company of Southern Refrigerated Transport, Inc. ("SRT"), which operated the 2017 Freightliner tractor-trailer involved in the June 6, 2017 staged accident. In connection with that settlement, after November 27, 2017, Attorney A deposited a $20,000 settlement check for the Defendant that Attorney A received for settling her claim. In effectuating the settlement, the Defendant caused Covenant to issue from its Chase Bank account check number 50047 dated November 17, 2017 in the amount of $20,000. Attorney A then deposited that check into an IberiaBank ("Iberia") account. In depositing the check into the Iberia account, Attorney A caused an electronic wire communication to be sent from Louisiana to the Federal Reserve in Atlanta, Georgia.

In sum, the Government's evidence would prove the defendant, **DASHONTAE YOUNG**, conspired to commit wire fraud by demanding money in connection with the staged June 6, 2017 automobile accident seeking monetary damages from the owner and insurer of the 2017 Freightliner tractor-trailer that was premised on falsehoods and causing the use of interstate wire communications to facilitate her recovery with this staged accident. In total, **YOUNG** received $10,000.00 as a result of the staged accident.

3



AUSA
Defendant
Defense Counsel

**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by **YOUNG**, and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for her guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **YOUNG**.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and admissible tangible exhibits in the custody of the FBI.

READ AND APPROVED:

DASHONTAE YOUNG
Defendant

ANNA L. FRIEDBERG
Counsel for Defendant

BRIAN M. KLEBBA
Assistant United States Attorney